IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TAMURIEL L. DILLARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 2:12-cv-3875-JHH |
| | ) |
| U.S. DEPARTMENT OF JUSTICE, | ) |
| FEDERAL BUREAU OF INVESTIGATION, | ) |
| CITY OF TUSCALOOSA, | ) |
| | ) |
| Defendants | ) |

MEMORANDUM OPINION

This is a *pro se* civil rights action filed by the plaintiff in November 15, 2012. The plaintiff is not a prisoner and, therefore, not subject to the provisions of the Prison Litigation Reform Act. The original complaint names as defendants the "U.S. Department of Justice" and the "Federal Bureau of Investigation-Birmingham," alleging the following:

> I was harassed and continue to be harassed by the FBI due to corrupt agents who were following my now ex husband Benard Mungai Ndaba. I contacted the FBI in DC and they ignored my request for assistance and right under FOIPA to know what was going on in my life. I have lossed [sic] my job, house, car, marriage, and have been alienated from friends, family, church, and I don't trust anybody fully around me. I have no income or trust in the government because they stood by and watched my life be destroyed because of an exception in the FOIPA. I was also kicked out of the University of Alabama and arrested due to this corruption. I was also misdiagnosed at Brookwood Hospital and had my meds tampered with by the DEA.

Attached to the *pro se* complaint is a copy of a letter to the plaintiff from the Justice Department's Office of Information Policy, affirming on her appeal the FBI's decision to deny her Freedom of Information Act request. In doing so, the appeals officer affirmed that the FBI correctly refused to confirm or deny any person's "placement on any government watch list," explaining that "the FBI

properly refused to confirm or deny the existence of any records responsive to your request because the existence of such records is protected from disclosure pursuant to 5 U.S.C. § 552(b)(7)(E)." The appeal letter further confirmed that no other records relating to the plaintiff could be located."

Plaintiff sought and was granted leave to file the complaint *in forma pauperis*, under 28 U.S.C. § 1915(a). At the time her *IFP* application was granted, plaintiff was directed to amend the complaint to set out *factual* allegations supporting her constitutional claims. Plaintiff responded, filing an amendment to her complaint on December 6, 2012 (Doc. 4), in which she sought to add several new defendants, including (1) CVS, Walgreen's, and the Alabama Board of Pharmacy, alleging they "were negligent in providing me tampered medication that was used by the FBI to attempt and frame me as a drug abuser"; (2) the Social Security Administration and the State of Alabama for "assisting the FBI in harassing" her in the workplace by creating a hostile work environment; (3) the United States Postal Service for "tampering" with her mail; (4) Brookwood Hospital for assisting the FBI in its harassment of her, misdiagnosing her with a psychotic condition, and violating HIPPA by notifying her ex-husband that she was a patient at the hospital; (5) the Jefferson County Sheriff's Department for working with the FBI to set her up to be arrested for trespass and burglary; (6) the University of Alabama for violating her privacy by requesting identification, asking that she see a psychiatrist, and by kicking her out of school; and (7) the Landmark at Magnolia Glen apartments for allowing someone to enter her apartment while she was away. Attached to the amendment is what purports to be a letter to the Social Security Administration in which she explains her need for disability benefits arising from her workplace harassment and her fear that she might harm someone if required to return to work.

On January 3, 2013, plaintiff filed another amendment to her complaint (Doc. 6), again to add a new defendant, the City of Tuscaloosa "for the role that the city played in my harassment while I was a student at the University of Alabama." In this amendment she alleges that staff and patrons of the Tuscaloosa public bus system have expressed a dislike of her on several occasions, all as part of the harassment being carried out by the FBI. She also explained that she handwrites her filings in this matter because the FBI has forged a number of documents, including a life insurance policy using her married name and other paperwork from the University of Alabama.

Although the plaintiff is not a prisoner, her application for leave to file the complaint *in forma pauperis* under § 1915(a) still requires to the court to review the complaint *sua sponte* under § 1915(e)(2)(B)(i)–(iii) for frivolousness, maliciousness, failure to state a claim, or stating a claim against an immune defendant. *See* Boyington v. Geo Group, Inc., 2009 WL 3157642, *1 (M.D. Fla. Sept. 25, 2009). This screening standard can be stated as follows:

> A complaint filed *in forma pauperis* which fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) is not automatically frivolous. *Neitzke v. Williams,* 490 U.S. 319, 328, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989). Rather, the test for granting a § 1915 dismissal is whether the claim lacks arguable merit either in law or fact. *Id.* at 325; *Mitchell v. Brown & Williamson Tobacco Corp.,* 294 F.3d 1309 (11th Cir. 2002); *Bilal v. Driver,* 251 F.3d 1346 (11th Cir. 2001). Additionally, § 1915 requires dismissal when the legal theories advanced are "indisputably meritless," *Nietzke,* 490 U.S. at 327; when the claims rely on factual allegations which are "clearly baseless" *Denton v. Hernandez,* 504 U.S. 25, 32, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992); or, when it appears that the plaintiff has little or no chance of success. *Bilal,* 251 F.3d at 1349.

Boyington v. Geo Group, Inc., 2009 WL 3157642, *1 (M.D. Fla. Sept. 25, 2009); *see also* Stringer v. Doe, 2011 WL 2838128, *1 (N.D. Fla. June 16, 2011) rep't and recom'n approved, 2011 WL

3

2909369 (N.D. Fla. July 18, 2011), aff'd, 2013 WL 163833 (11th Cir. Jan. 15, 2013).  In Denton v. Hernandez, 504 U.S. 25, 31, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992), Supreme Court described circumstances under which a claim is based on clearly baseless factual allegations where the facts alleged are "fanciful" or "delusional."  The Court explained:

> As we stated in *Neitzke,* a court may dismiss a claim as factually frivolous only if the facts alleged are "clearly baseless," 490 U.S., at 327, 109 S. Ct., at 1833, a category encompassing allegations that are "fanciful," *id.,* at 325, 109 S.Ct., at 1831, "fantastic," *id.,* at 328, 109 S. Ct., at 1833, and "delusional," *ibid.*  As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them. An *in forma pauperis* complaint may not be dismissed, however, simply because the court finds the plaintiff's allegations unlikely. Some improbable allegations might properly be disposed of on summary judgment, but to dismiss them as frivolous without any factual development is to disregard the age-old insight that many allegations might be "strange, but true; for truth is always strange, Stranger than fiction." Lord Byron, Don Juan, canto XIV, stanza 101 (T. Steffan, E. Steffan & W. Pratt eds. 1977).

Denton v. Hernandez, 504 U.S. 25, 32-33, 112 S. Ct. 1728, 1733-34, 118 L. Ed. 2d 340 (1992).  Aside from most of plaintiff's claims being legally meritless, the court is convinced that plaintiff's complaint, both originally and as amended, alleges facts that are irrational and wholly incredible, to the point of being clearly baseless and frivolous.

At the outset, the United States Department of Justice and the FBI are not suable entitles.  They are but a department and an agency of the United States, having not separate legal existence from the United States.  The United States itself is not suable in this case because of its sovereign immunity.  The campaign of harassment plaintiff alleges is not a tort suable under the Federal Torts Claim Act, 28 U.S.C. § 1346(b), which is limited generally to actions sounding in negligence.  The FTCA does not waive the United States' sovereign immunity as to intentional torts, except for abuse

of process, assault and battery, false arrest, and malicious prosecution by a "law enforcement" agency. Sheridan v. United States, 487 U.S. 392, 398, 108 S. Ct. 2449, 2454, 101 L. Ed. 2d 352 (1988). Conceding that the FBI is a law enforcement agency, the campaign of harassment described by plaintiff does not fit within the exception, which is narrowly construed. She does not allege that the FBI arrested her, prosecuted her, or assaulted her. Rather, she alleges that they harassed her by following her, watching her, and investigating her. Even if she has alleged that the FBI revealed private information about her to her employer, co-workers, and strangers, this could only amount to invasion of privacy or defamation. Such intentional torts are not suable, even against law enforcement agencies, under the FTCA. See O'Ferrell v. United States, 968 F. Supp. 1519, 1527 (M.D. Ala. 1997), aff'd, 253 F.3d 1257 (11th Cir. 2001).

The complaint cannot be construed as alleging a Bivens action because plaintiff has not named any *individual* federal officers or employees as defendants. Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971). A Bivens action cannot be stated against a federal department or agency. "Because the logic of Bivens itself does not support such an extension, we decline to take this step [of allowing Bivens action against *agencies* as well as individual federal agents]." F.D.I.C. v. Meyer, 510 U.S. 471, 473, 114 S. Ct. 996, 999, 127 L. Ed. 2d 308 (1994).

Further, insofar as plaintiff is attempting to state a claim under the Freedom of Information Act, her complaint makes clear that no claim exists. The letter attached to the original complaint reveals that plaintiff made a FOIA request to the FBI, which was denied under an exception found at 5 U.S.C. § 552(b)(7)(E) for preserving the secrecy of law enforcement investigative techniques and procedures. Otherwise, the letter reported, the FBI had no other records applicable to plaintiff.

5

Thus, on the face of plaintiff's complaint and its exhibits, there is no violation of FOIA. Plaintiff alleges that FBI agents followed and watched her, and this clearly describes law enforcement techniques and procedures. Also, the use of "watch lists" is a law enforcement procedure. Thus, the exception cited clearly applied to the types of conduct plaintiff describes. Because the exception correctly shielded the requested information from disclosure, plaintiff has no claim under FOIA, based on her *own* complaint and exhibits.

Even beyond the lack of legal merit in plaintiffs' claims, the court is convinced that her claims fit that class of allegations that are fanciful, delusional, irrational, and wholly incredible under Denton v. Hernandez. The plaintiff alleges that the FBI targeted her for a campaign of harassment, for no apparent reason, that involved conspiring[1] with CVS, Walgreen's, the Alabama Board of Pharmacy, the State of Alabama, the Jefferson County Sheriff's Department, Brookwood Hospital, the Postal Service, the Landmark at Magnolia Glen apartments, the University of Alabama, the City of Tuscaloosa, and the Social Security Administration. In support of this, she alleges nothing more than conclusory assertions that the FBI revealed personal and medical information about her to her employer and co-workers for the purpose of creating a hostile work environment. Likewise, apparently she alleges that the FBI revealed such information about her to the bus drivers and passengers in Tuscaloosa, resulting in hostility toward her on Tuscaloosa's public transportation system. She asserts with no factual support that various pharmacies, at the behest of the DEA or FBI or both, have tampered with her medications; that the Postal Service has opened her mail; that her

---

[1] Insofar as plaintiff alleges a conspiracy between the FBI and other putative defendants, she has not alleges sufficient facts from which the court an reasonably infer a plausible conspiracy. A conclusory allegation is not enough. The plaintiff must allege enough facts to make the existence of a conspiracy plausible. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

apartment manager has allowed strangers into her apartment while she was away; that Brookwood Hospital conspired with the FBI to diagnose her with a psychotic condition; and that the University of Alabama has invaded her privacy and denied her an educational opportunity in concert with the FBI, who has forged and tampered with her documents. Particularly noteworthy are her allegations with respect to the Jefferson County Sheriff's Office,[2] where she alleges that she was set up by the FBI to be arrested by the local sheriff. She states:

> The Sheriff's Office of Jefferson County worked with the FBI to set me up on July 15, 2011 at 6109 Lakeside Drive in Mount Olive. *I was told by the FBI through their techniques and procedures to go to this address and wait inside it after being shown the house the week prior.* I was initially charge with Criminal trespassing but it [was] increased to Burglary I by Jason R. McCoy, a Brookside deputy who acted like he was the owner of the house and also a Pleasant Grove officer.

(Doc. 4, p. 5 of 8) (Italics added). Sadly, these delusional allegations are consistent with plaintiff's own letter to the Social Security Administration, in which she explains her mental disability and, alarmingly, her desire to "run down" co-workers or harm innocent people if she is forced to go back to work. She was hospitalized at Brookwood Hospital for schizophrenia.

Because the factual allegations in the original and amended complaints related to a campaign of harassment against plaintiff by the FBI are "fantastic" and "delusional," they are wholly incredible and irrational. It is not simply a case where the court finds it "unlikely" that plaintiff can prove her

---

[2] Of course, the Jefferson County Sheriff's Department also is not a suable entity. "We agree with the magistrate judge's conclusion, which was adopted by the district court, that the Jefferson County Sheriff's Department is not a legal entity and, therefore, is not subject to suit or liability under section 1983." Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992).

allegations; these allegations go beyond strange to delusional. Under Denton and Neitzke, they are frivolous for purposes of § 1915(e) and are due to be dismissed.

By separate order, the court will dismiss this action without prejudice as frivolous.

The Clerk is DIRECTED to mail a copy of the foregoing to the plaintiff.

DONE this the   25th   day of February, 2013.

_____
SENIOR UNITED STATES DISTRICT JUDGE